UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN FERNANDEZ, ) | |
| ) | 3:13-cv-00276-RCJ-VPC |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| R. BAKER, *et al*., ) | |
| ) | |
| Defendants. ) | April 14, 2014 |
| ) | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is plaintiff's motion for temporary restraining order and preliminary injunction (#s 27 & 28).[1]  Defendants opposed (#32), and plaintiff replied (#35).  Also before the court is plaintiff's motion for default and contempt sanctions against defendants (#s 41 & 42).[2]  Defendants opposed the motion for default and sanctions (#48).  The court has thoroughly reviewed the record and recommends plaintiff's motions be denied.

### I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Kevin Fernandez ("plaintiff"), who filed this action *pro se*, is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently incarcerated at Ely State Prison ("ESP") (#4).  Plaintiff brings his civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that numerous defendants at Northern Nevada Correctional Center ("NNCC"), High Desert State Prison ("HDSP"), and ESP violated his First Amendment rights to access to the courts and to

---

[1] Refers to the court's docket numbers.  This motion was docketed as two motions; hereafter it will be referred to as #27.
[2] This motion was also docketed as two motions and will hereafter be referred to as #41.

-1-

be free from retaliation, and his Fourteenth Amendment equal protection rights. *Id*. In his motion for injunctive relief, he seeks an order directing ESP administrators: (1) to permit plaintiff a specific amount of time per week to access the law library, in addition to access to the paging system; (2) to permit plaintiff to bring a specific number of "case materials" back to his cell; and (3) to increase plaintiff's copywork limit by $50 for copies in an action that plaintiff is litigating in the District of North Dakota (#27, pp. 17-18).

## II. DISCUSSION & ANALYSIS

### A. Preliminary Injunction Standard

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Its sole purpose is to preserve the status quo ante litem (the status that existed before the lawsuit) pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009); 11A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 2947 (2d ed. 1995) ("[A] preliminary injunction . . . is issued to protect the plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits."). A plaintiff seeking a preliminary injunction must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citation omitted).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[when] a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, an award of mandatory preliminary relief should not be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979). "[I]n doubtful cases" a mandatory injunction will not issue. *Id.*

Finally, the Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

**B. Analysis**

In his motion, plaintiff alleges the following: he is currently in administrative segregation at ESP "due to protective segregation issues" (#27, p. 2). He filed this action after being denied adequate and meaningful access for over two years at NNCC, HDSP and ESP. ESP segregation

inmates can only access the law library through the paging system. *Id*. at 3. The law library supervisor and the inmates who serve as law library assistants are not adequately trained, and the assistants do not have direct access to the segregation inmates. Plaintiff has only been able to receive legal research materials from the library an average of once or twice a week, and staff may take up to a week to return a single request. *Id*. at 4. Many of his requests are never fulfilled or the materials brought are "incorrect or useless." *Id*. Plaintiff is presently preparing dispositive motions, as well as an appeal, in other federal cases that he has filed. Defendants refuse to make copies for plaintiff's motion in his North Dakota case. *Id*.

Plaintiff alleges that he will suffer irreparable harm if he does not have "direct access" to the law library because he will be "unable to meaningfully explore legal remedies, defenses, and areas of law in order to . . . successfully prosecute his actions." *Id*. at 12. He specifically cites two dispositive motions, an appellate brief, and another case involving "unique theories." *Id*. at 13. None of these is the instant case.

Plaintiff requests the following relief:  (1) "that the court compel defendants to provide plaintiff with ten (10) hours a week of access to the law library to conduct research and print twenty (20) case materials to bring with him back to his cell in addition to the use of the paging system" and (2) "that the court should order defendants to provide plaintiff with an increase of $50.00 to his copy fee limit for his action *Fernandez v. North Dakota, et al*., 1:12-cv-161-DLH-CSM (D.N.D. 2012)."

In their opposition, defendants argue that plaintiff seeks mandatory preliminary injunctive relief that goes well beyond maintaining the status quo (#32, p. 6). Defendants point out that plaintiff's claim that because he does not have adequate, meaningful law library access he is not able to properly pursue other litigation does not demonstrate irreparable harm in this case. *Id*. at 7. Defendants also contend that plaintiff's extensive citation of legal authority in his motion's thirteen

pages of legal argument belies his claim that he has been precluded from conducting adequate legal research. *Id*.

In plaintiff's reply, he asserts that the only reason he was able to include case citations in his motion is because he has cited the cases in previous filings (#35, p. 4). He also argues that without adequate law library access he will suffer irreparable harm in his two cases before the District of North Dakota because he currently has no access to Eighth Circuit law. *Id*.

The court concludes that plaintiff's motion for temporary restraining order and preliminary injunction (#27) should be denied. While the court takes seriously claims regarding adequate access to prison law libraries and thereby to the courts, plaintiff has set forth no allegations whatsoever that any alleged inadequate law library access will cause him irreparable harm in litigating *this case*. In fact, the court notes that all of the motions currently before the court in this case have been filed by plaintiff. There is simply no basis to grant the extraordinary relief sought by plaintiff. Accordingly, the court recommends that plaintiff's emergency motion for temporary restraining order and preliminary injunction (#s 27 & 28) be denied.

**C.  Plaintiff's Motion for Default and Contempt Sanctions**

Plaintiff also has filed a motion for default and contempt sanctions (#41). He points out that the answer by the defendants represented by the attorney general was due January 3, 2014 (*see* #8) but that by the date he filed this motion, March 12, 2014, no answer had been filed. Subsequently, defendants Boynton, Cox, Neven, Fletcher, Byrne, Sorich, Baker, Moore, Walsh, Foster, Townsend, McDaniel, Young, Simmons, and Palmer filed an answer on March 17, 2014 (#44). On March 25, 2014 defendants filed their opposition to this motion (#48).

Obtaining a default judgment in federal court is a two-step process: (1) entry of default and (2) default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir.1986). Federal Rule of Civil

Procedure 55(a) provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." After default has been entered by the clerk of court, the party seeking default may make a motion to the court requesting a judgment of default. Fed.R.Civ.P. 55(b).

There is no right to a default judgment; its entry is entirely within the discretion of the district court. *See Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986); *see also Rashidi v. Albright*, 818 F.Supp. 1354, 1356, n.4 (D.Nev. 1993). Defaults are generally disfavored, *see Eitel*, 782 F.2d at 1472, and courts will attempt to resolve motions for entry of default "so as to encourage a decision on the merits." *See McMillen v. J.C. Penney Co., Inc.*, 205 F.R.D. 557, 558 (D.Nev. 2002) citing *TCI Group Life Ins. Plan v. Knoebber*, 224 F.3d 691, 696 (9th Cir. 2001).

The court has two observations about defendants' opposition. First: absent from the opposition is any discussion or acknowledgement of the default standard. Second: also absent is any acknowledgement that defendants missed the deadline to answer by almost three months and only filed their answer after plaintiff filed his motion for entry of default. Clearly, defendants should have sought leave of this court to file their untimely answer.

Nevertheless, the court determines that an entry of default is not warranted in this case. While defendants utterly fail to acknowledge their oversight, they correctly point out that they have been actively participating in this case by, for example, filing their opposition to plaintiff's motion for preliminary injunctive relief (#32), and by responding to other motions (*see* #s 21, 23, 33, 36). Moreover, all defendants have not yet been served in this case. Plaintiff cannot plausibly argue that he has suffered prejudice by defendants' oversight. *See, e.g., Eitel*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Accordingly, the court should deny plaintiff's motion for default.

### III. CONCLUSION

Based on the foregoing, and for good cause appearing, the court concludes that no basis exists to warrant the issuance of a mandatory injunction directing defendants to provide plaintiff with law library access under the conditions specified by plaintiff. Thus, plaintiff's motion for temporary restraining order and preliminary injunction (#s 27 & 28) should be denied. Further, the court concludes that plaintiff's motion for default judgment and contempt sanctions (#s 41 & 42) is not warranted and should be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for temporary restraining order and preliminary injunction (#s 27 & 28) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's motion for default judgment and contempt sanctions (#s 41 & 42) be **DENIED**.

**DATED**: April 14, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE**